MAY L. QUINLAN, APPELLANT, v. CHARLES CROSS, HARVEY M. LITTLE, WILLIAM F. VAN NOTE, HOWARD NORRIS, SAMUEL H. CLEELAND, JR., WILLIAM B. LITTLE, JR., AND TONY HUNTING, MAYOR AND COMMON COUNCIL OF THE BOROUGH OF FAIR HAVEN AND BOROUGH OF FAIR HAVEN, RESPONDENTS.

Submitted February 12, 1926—Decided May 17, 1926.

1. Under a borough ordinance providing for the laying of sidewalks and curbing on a public street under which a contract is made for both the laying of the sidewalks and curbing, the contract is entire, and no assessment can be made against property owners for laying the sidewalk before the curbing has been laid.

2. A property owner in a borough is entitled to have the statutory method of imposing an assessment .followed, and is also entitled to notice of the time and place, when and where the assessment report is to be acted upon by the governing body of the municipality, in order that objections to the report, if any, may be presented.

3. An assessment for a municipal improvement will be set aside where the method of making the assessment provided by statute has not been followed by the municipality, or no opportunity has been afforded by notice to the property owner of objecting to the same.

On appeal from the Supreme Court, whose opinion is reported *ante, p.* 443.

For the appellant, *Paladeau & Carissimi* (*N. Louis Paladeau, Jr.,* of counsel).

For the respondents, *Wilson & Smock.*

The opinion of the court was delivered by

KATZENBACH, J.  This is an appeal from an order of the Supreme Court dismissing a writ of *certiorari* allowed to review a contract and an assessment made in pursuance thereof in the matter of the laying of sidewalks and curbing on Pearl street, in the borough of Fair Haven, in the county of Monmouth.  The case was heard by the justice of the Supreme Court, who allowed the writ under the provision of the statute that a singe justice may hear and determine such a controversy.

The state of the case shows that on June 12th, 1923, at a meeting of the borough council of Fair Haven, a petition was presented by property owners and residents upon Pearl street in said borough, between Fair Haven road and the river, asking that an ordinance be adopted for the construction of suitable sidewalks and curbing upon this portion of Pearl street.  The matter was referred to the borough attorney.  At a meeting of the council held on June 26th, 1923, an ordinance was introduced providing for the laying of sidewalks and curbing on said portion of Pearl street.  A motion was made and carried that this ordinance be published in the "Red Bank Register" on June 27th, 1923, for a hearing at a meeting of the borough council to be held on July 10th, 1923.  The proof of publication shows that the ordinance was advertised, but instead of the advertisement stating that a hearing would be had on the ordinance on the 10th day of July, 1923, the advertisement stated as follows: "The foregoing ordinance passed July 10th, 1923."  The publication was made in the issue of the "Red Bank Register" of June 27th, 1923.  This was not a compliance with either

the motion or the statute. On July 10th, 1923, the minutes
of the council show that the ordinance was passed.

The prosecutor below and appellant in this court, May
L. Quinlan, is the owner of property fronting on the portion
of Pearl street referred to in the ordinance. She had no
notice of the proposed hearing. On July 25th, 1923, she
received notice of the passage of the ordinance. The ordi-
nance required that the work to be done by the property
owners within thirty days after the receipt of the notice.
Miss Quinlan endeavored immediately to find out the grades,
plans and specifications for the work. She called at the office
of the borough engineer on several occasions prior to August
16th, 1923, for this information. She was unable to obtain
it, for the reason that no grades, plans and specifications had
been prepared. They were not prepared until some time
in the month of September, 1923. At a meeting of the
borough council, held on August 28th, 1923, James Norman
& Sons submitted a bid for the laying of concrete sidewalks
on said portion of Pearl street, for the sum of twenty-two
cents a square foot, and the installation of concrete curbing
at fifty cents per lineal foot. This bid was, on the evening
submitted, accepted. On October 2d, 1923, the borough
clerk notified James Norman & Sons to start the work as
soon as possible. The sidewalk was laid some time prior to
November 13th, 1923. No curbing was laid at that time
and none appears to have ever been laid. On February 5th,
1924, a bill of Norman & Sons for the laying of the side-
walk was submitted. It amounted to $2,258.30. The bor-
ough paid the bill forthwith. The moneys were raised by the
discounting of a temporary note. When the contractors were
paid for laying the sidewalk the borough undertook to make
an assessment for benefits. The borough engineer made an
assessment map. From this map the collector and treasurer
of the borough computed the amount which he thought the
property holders owed the borough. He did this by copying
from the map the number of square feet and multiplied that
by twenty-two cents, which was the contract price for laying
the sidewalk. He then added what he figured to be a fair

share of the engineer's fees and sent out the bills, adding to Miss Quinlan's bill a charge for grading, and deducting the cost as ascertained of twenty-four running feet of pavement which the borough claimed to own.

There was no notice of any hearing on the proposed assessment. There was no confirmation of the assessment. It would be difficult to find a case where the provisions of the law relative to the procedure to be followed in the making of a municipal improvement had been so flagrantly violated as in the instant case. The ordinance and notice of hearing were not properly advertised. No opportunity was afforded to the property owners to do the work. A contract for the work was let by the borough prior to the preparation of plans or specifications for the work to be performed. The contract was made by the borough without competitive bidding. It called for both the laying of sidewalks and curbing. No curbing has ever been done. The law relative to an assessment for any sidewalk improvement provides that a true and accurate account of the cost and expense thereof shall be kept, and a true statement of such cost, under oath, shall be filed by the officer in charge of such improvement with the clerk of the governing body. The governing body is required to examine the same, and if the same is properly made, shall confirm the same, and file such report with the officers charged with the duty of collecting taxes. *Pamph. L.* 1917, *p.* 412, *ch.* 152, as amended by *Pamph. L.* 1923, *ch.* 169.

It is also provided that when such an improvement is made the governing body, before confirming the report, shall give notice to the owners named in the report of the time and place the governing body will examine the same. *Pamph. L.* 1917, *p.* 319, *ch.* 152, as amended by *Pamph. L.* 1922, *p.* 271, *ch.* 156.

The appellant did not receive the notice provided by statute and, as has been pointed out, the method of procedure for the making of an assessment was not followed. The appellant would perhaps be justified if she entertained the belief that the name of the borough was a misnomer.

The learned justice of the Supreme Court who dismissed the writ based his decision upon the ground of the laches of the prosecutor. He said: "It appears from the proofs that the prosecutor, while cognizant of the steps that were being taken, took no action looking to the arrest of the proceedings under the ordinance and the improvement until after the entire work had been completed and was in use. I think under the authorities and under all the principles of justice and equity she was obliged to act promptly upon learning of the contemplated action, and not permit the expenditure of large sums of money and the commitment of the municipal authorities to a course of action which entailed great burden and expenses upon it if she were going to attack the validity of the contract and the subsequent action thereunder."

The appellant is thus held guilty of laches both as to the passage of the ordinance and the work done in pursuance of it, and as to the assessment made for the sidewalk improvement. We have reached the conclusion that the appellant was in laches with reference to the contract under which the work of laying the sidewalk was done, as she knew the work was being done and took no steps to question the validity of the ordinance or contract until some five months after the work was completed.

With reference to the assessment, we entertain the view that the appellant was not in laches. She received no notice of the proposed assessment until the latter part of March, 1924. The writ of *certiorari* to review the same was promptly applied for and allowed on April 10th, 1924. The assessment is plainly illegal. In the first place the ordinance and contract provided not only for a sidewalk, but curbing. The contract was entire. Until the contract was fully performed no assessment could be made. The contract has never been performed. The appellant's property cannot be assessed for benefits accruing from a part performance of the contract now, and later have another assessment imposed as a result of the contractor fulfilling his engagement as to the curbing. In the second place the assessment is illegal because of the failure of the respondents to follow the provisions of the

statute in the making thereof and to give to the appellant the statutory notice of a hearing upon the proposed assessment, to the end that she be afforded an opportunity of objecting thereto.

The judgment of the Supreme Court is reversed as to the assessment and the same is set aside.

*For affirmance*—BLACK, CAMPBELL, JJ. 2.

*For reversal*—TRENCHARD, PARKER, MINTURN, KALISCH, KATZENBACH, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 11.